IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JERMAINE KENYATTA COLEMAN**                                              **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 2:16-cv-131-KS-MTP**

**DAVID HOGAN, ET AL.**                                                    **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion to Dismiss [34] filed by Defendant Alexander Kitch.  Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action regarding events which took place while Plaintiff was incarcerated at the Forrest County Jail.  Plaintiff's allegation concern the conditions of his confinement, including, but not limited to, unclean showers and cells, inadequate amounts of food, and lack of personal hygiene items.  Additionally, Plaintiff alleges that Defendant Alexander Kitch "used excessive force on me with my brass knuckles." *See* Response [28]; Order [29].

In his Motion to Dismiss [34], Defendant Kitch argues that Plaintiff's allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983.  According to Defendant, Plaintiff does not allege that Kitch made any type of physical contact with Plaintiff.  Defendant also asserts that Plaintiff failed to explain how Kitch used brass knuckles.  Plaintiff filed a Response [44] to the Motion to Dismiss, alleging that Kitch "made physical contact with me in everyway but the right way as a law enforcement officer should."

Federal Rule of Civil Procedure 12(b)(6) requires the plaintiff to state a claim upon which relief can be granted.  When considering whether the plaintiff has failed to state a claim, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 425 F.3d 191, 205 (5th Cir. 2007) (internal

1

quotations and citations omitted).  To withstand a Rule 12(b)(6) motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Because Plaintiff is a *pro se* litigant, his complaint is to be liberally construed.  Moreover, when addressing a motion to dismiss, the court must accept the Plaintiff's factual allegations as true. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff claims that Defendant Kitch made improper physical contact with him using brass knuckles.  Liberally construing Plaintiff's allegations, he has alleged facts sufficient to support an excessive force claim.  Moreover, the undersigned desires to conduct a *Spears*[1] hearing, during which Plaintiff will have an opportunity to clarify and amend his allegations. *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant Kitch's Motion to Dismiss [34] be DENIED without prejudice to contest the sufficiency of the allegations after a *Spears* hearing.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 2nd day of February, 2018.

> s/ Michael T. Parker
> United States Magistrate Judge