IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JERMAINE KENYATTA COLEMAN**                                                     **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 2:16-cv-131-KS-MTP**

**DAVID HOGAN, ET AL.**                                                   **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having considered the record and applicable law and having conducted a *Spears*[1] hearing, the undersigned recommends that this case be dismissed for failure to state a claim and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## BACKGROUND

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which took place while Plaintiff was housed as a pretrial detainee at the Forrest County Jail in Hattiesburg, Mississippi. Plaintiff is currently incarcerated as a post-conviction inmate in the South Mississippi Correctional Institution. Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[2] Plaintiff asserts claims

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

related to the conditions of his confinement at the Forrest County Jail and also asserts a denial of access to court claim.

Concerning the conditions of confinement, Plaintiff alleges that while he was housed at the jail, officers only washed the inmates' clothes once a week. According to Plaintiff, this caused him to develop a rash, which has since cleared. Plaintiff alleges that he had to sleep on a plastic mattress without bed sheets or a pillow case, which was uncomfortable and caused him to sweat. Additionally, Plaintiff's blanket allegedly had holes in it. Plaintiff also alleges that these items could have been "contaminated."

Plaintiff alleges that at some point, pest control stopped visiting the jail, and as a result, he sometimes saw spiders. Plaintiff, however, admits that he was never bitten by a spider. Plaintiff also alleges that the showers were dirty and had mold in them. Plaintiff, however, admits that he did not develop any medical issues or otherwise suffer damage as a result of the conditions in the showers.

Plaintiff alleges that the food served at the jail was cold and generally unhealthy.[3] He also alleges that the inmates were served three meals a day—at 7:00 a.m., 11:00 a.m., and 3:00 p.m. Plaintiff complains that the time between dinner and breakfast was too long.

In his pleadings, Plaintiff alleged that although jail officials provided outside recreation, they did not provide outdoor exercise equipment. During the *Spears* hearing, however, Plaintiff offered different allegations. Plaintiff now alleges that he was not provided outdoor recreation. According to Plaintiff, he was allowed out of his cell for showers and sick calls but was not allowed outside. Plaintiff, however, alleges that he was able to freely move around in his cell.

---

[3] According to Plaintiff, the food served at the jail included grits, hot dogs, cornbread, sandwiches, rice, beans, and vegetables.

Plaintiff also admits that he suffered no damage as a result of the alleged lack of outdoor recreation.

Concerning his denial of access to court claim, Plaintiff alleges that he should have been provided more access to the jail's law library. According to Plaintiff, he would have utilized the law library to work on the instant claims and also his claims in another case pending before this Court, Civil Action No. 2:17-cv-133-KS-MTP.

According to Plaintiff, he named Sheriff Billy McGee as a defendant because he has authority over the jail. Plaintiff named Forrest County Supervisor David Hogan as a defendant because he has supervisory responsibilities over the county. Plaintiff also named Charles Bolton because he had supervisory responsibilities of over the jail. According to Plaintiff, he did not have any contact with the Defendants or communicate with them regarding his allegations.[4]

As relief, Plaintiff seeks to have the Court "look into" all of his allegations. According to Plaintiff, he is not seeking monetary damages.

## STANDARD

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

---

[4] Plaintiff also asserted an excessive force claim against a Hattiesburg Police Officer Alexander Kitch arising from his arrest, but the Court severed that claim into a separate action, as it arose at a different time and place and involves different witnesses, issues, and proof. *See* Order [50].

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

### *Conditions of Confinement*

The Eighth Amendment protects inmates from cruel and unusual punishment and requires prison officials to provide humane conditions of confinement. *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999). As a pretrial detainee, however, Plaintiff's constitutional right to adequate conditions of confinement "flow from both the procedural and substantive due

process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).

Pretrial detainees have a due process right not to be subjected to jail conditions that are imposed for the purpose of punishment. *Bell*, 441 U.S. at 535; *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). For Section 1983 claims by pretrial detainees, the Fifth Circuit Court of Appeals has distinguished between claims regarding specific acts by officials and those regarding the general conditions of confinement. *See Hare*, 74 F.3d at 639. A conditions of confinement claim is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement." *Id*. at 643-44. In order to succeed on a claim alleging unconstitutional jail conditions, a pretrial detainee must establish that the complained-of conditions have been imposed for a punitive purpose and that they have resulted in "serious deficiencies" in providing for his "basic human needs." *Shepherd v. Dallas Cnty*, 591 F.3d 445, 454 (5th Cir. 2009). A punitive purpose may be inferred where the conditions are not reasonably related to a legitimate governmental interest. *Hamilton*, 74 F.3d at 105.

An episodic act or omission claim requires courts to employ the standard of deliberate indifference. This involves the following elements of proof: (1) an objective component, under which the detainee must prove his exposure to a harm or injury that violates contemporaneous standards of decency, and (2) a subjective component, under which the detainee must prove that the defendants' conduct evidences a deliberate indifference to that exposure. *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). In other words, under the objective component, the deprivation alleged must be "sufficiently serious," resulting in "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To be "sufficiently serious," the deprivation must deny a plaintiff of "the minimal measure of life's necessities." *Palmer*, 193

5

F.3d at 352.  Under the subjective component, "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

Plaintiff's allegations describe annoyance and discomfort, not punishment or the deprivation of his "basic human needs." *See Shepherd*, 591 F.3d at 454.  First, Plaintiff's complaint about the frequency of the laundry service at the jail does not rise to the level of a constitutional violation. *See Skinner v. Quarterman*, 2011 WL 13131162, at *9 (E.D. Tex. Aug. 9, 2011) (dismissing plaintiff's complaint regarding a lack of or delay in laundry service). Plaintiff's minor skin condition, which allegedly resulted from a delay in laundry service, amount to a *de minimis* injury. *See Covarrubias v. Fowworth*, 2016 WL 4836864, at *4 (E.D. Tex. Sept. 14, 2016) (holding that a rash which persisted for two month and eventually cleared up was a *de minimis* injury); *Holder v. Herbert*, 2007 WL 4299996, at *3 (W.D. La. Nov. 8, 2007) (holding that a rash on plaintiff's legs was a *de minimis* physical injury).

Likewise, Plaintiff's complaints about his bedding—a plastic mattress with no sheets and a blanket with holes in it—describe an uncomfortable situation, not constitutional violations. "The fact that a detention interfered with a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment." *Lee v. Hennigan*, 98 Fed. App'x. 286, 288 (5th Cir. 2004).

Plaintiff also alleges that he sometimes saw spiders.  Plaintiff, however, admits that he was never bitten by a spider.  Similarly, Plaintiff complains that he saw mold in the showers, but

admits the he did not develop any medical issues or suffer any damage as a result of the conditions in the showers. These claims should be dismissed. *See Harrison v. Cox*, 2013 WL 620799, at *5 (W.D. La. Jan. 16, 2013) (holding that complaint about the presence of insects and other vermin amounted to no more than a *de minimis* imposition and was frivolous); *Brown v. Bowles*, 2000 WL 980011, at *2 (N.D. Tex. July 17, 2000) (dismissing as frivolous plaintiff's complaint regarding insect bites and the temporary marks resulting from such contact); *Gibson v. Gusman*, 2015 WL 5060854, at *14 (E.D. La. Aug. 18, 2015) ("The jurisprudence has repeatedly held that the mere fact that mold is present does not render an inmate's confinement unconstitutional."); *Carr v. Newcomer*, 2010 WL 331689, at *9 (W.D. La. Jan. 19, 2010) (dismissing claim concerning mold in showers); *McCarty v. McGee*, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation.").

As for Plaintiff's complaints regarding the food served at the jail, the Constitution requires that detainees and inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."). Plaintiff's allegations do not describe a situation where he was receiving less than reasonably adequate food. Plaintiff admitted that he received three meals a day, which would typically consist of foods such as grits, hot dogs, cornbread, sandwiches, rice, beans, and vegetables. Plaintiff does not allege that his health was adversely affected by the food provided at the jail. Moreover, the Constitution does not require food be served at an inmates desired

7

temperature. *See Harrison*, 2013 WL 620799, at *5 (holding that complaint about food being served cold or lukewarm amounted to no more than a *de minimis* imposition and was frivolous); *Carr*, 2010 WL 331689, at *9 (dismissing complaints regarding cold food).

Additionally, Plaintiff's complaints about the outdoor recreation provided at the jail. Even under his latest version of events,[5] Plaintiff's allegations describe annoyance and discomfort, not deficiencies in providing for his "basic human needs." *See Shepherd*, 591 F.3d at 454. The Fifth Circuit has held that neither a prisoner nor a pretrial detainee has a *per se* constitutional right to outdoor exercise or recreation. *Callicutt v. Panola County Jail*, 200 F.3d 816, 1999 WL 1095663, at *3 (5th Cir. 1999); *Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979). "There is no requirement that inmates at a county jail be permitted outdoor recreation– only that 'in matters of physical health [] that the jailer must not be deliberately indifferent to the serious needs of his prisoners.'" *Busby v. Thompson*, 2008 WL 2942133, at *2 (N.D. Miss. July 28, 2008) (quoting *Jones*, 594 F.2d 997)). Plaintiff admits that he was allowed out of his cell for showers and sick calls. He also admits that he was able to freely move around in his cell and suffered no damage as a result of the alleged lack of outdoor recreation. *See Laue v. Gusman*, 2014 WL 3733002, at *10 (E.D. La. July 25, 2014).

Plaintiff failed to allege that any of the conditions at the Forrest County Jail resulted in "serious deficiencies" in providing for his "basic human needs" or that Defendants were deliberately indifferent to his physical health. Moreover, Plaintiff's requested relief—that the Court "look into" his allegations—cannot be granted.[6] *See Williams v. Natchitoches Police*

---

[5] As previously explained, Plaintiff originally alleged that outdoor recreation was provided, but outdoor exercise equipment was not. However, Plaintiff now alleges that he was not provided outdoor recreation.

[6] Plaintiff specifically stated at the *Spears* hearing that he is not seeking monetary damages.

*Dep't.*, 2014 WL 462904, at *3 (W.D. La. Sept. 15, 2014) ("the Courts are not investigatory agencies."); *McBride v. Ausbie*, 2014 WL 5032720, at *3 (N.D. Tex. Oct. 8, 2014) ("To the extent Plaintiff seeks to have this Court investigate his claims or institute criminal charges against Defendant, he has failed to state a claim for relief."). Accordingly, Plaintiff conditions-of-confinement allegations should be dismissed for failure to state a claim.

*Access to Court*

Plaintiff alleges that he should have been provided more access to the jail's law library and that he would have utilized the law library to work on his claims pending before this Court. The United States Supreme Court has held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Before an inmate may prevail on his claim, however, he must demonstrate that he suffered "actual prejudice," *i.e.* that the denial of access "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Plaintiff must show a real detriment, such as the loss of a motion or the loss of a right to commence, prosecute, or appeal in a court. *See Oaks v. Wainwright*, 430 F.2d 241, 242 (5th Cir. 2009); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991) (holding that a civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice).

Plaintiff does not allege the he suffered any actual prejudice, and the dockets of this case and Plaintiff's other cases pending before this Court demonstrate that Plaintiff has not suffered actual prejudice. Plaintiff has been able to pursue his cases. He has brought the claims he desired to bring, and he has communicated extensively with the Court. Thus, Plaintiff's access to court claim should be dismissed.

*Official Capacity*

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *See Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff has not alleged that Defendants were personally involved in any alleged constitutional violation. As previously mentioned, Plaintiff alleges that he did not have any contact with the named Defendants or communicate with them regarding his allegations. Additionally, Plaintiff failed to allege that Defendants implemented a policy, custom, or practice that was the "moving force" behind a constitutional violation. *See Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 12th day of March, 2018.

                                                        s/ Michael T. Parker
                                                        United States Magistrate Judge